1
2
3
4
5
6
7

8       **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SUNIL K. PATEL and DAKSHA S. PATEL,          CASE NO. 10-CV-1845 MMA (BLM)

12                                    Plaintiffs,     **ORDER:**

13                                                    **(1) GRANTING DEFENDANT**
                                                      **RESIDENTIAL FUNDING LLC'S**
14                                                    **MOTION TO DISMISS;**

15        vs.                                         [Doc. No. 4]

16                                                    **(2) GRANTING DEFENDANTS**
                                                      **AURORA LOAN SERVICES AND**
17                                                    **MORTGAGE ELECTRONIC**
                                                      **REGISTRATION SYSTEMS,**
18                                                    **INC.'S MOTION TO DISMISS;**

19   HOME SAVINGS OF AMERICA, et al.,                 [Doc. No. 5]

20                                    Defendants.     **(3) DENYING PLAINTIFFS'**
                                                      **REQUEST TO AMEND**
21

22                                                    [Doc. No. 8]

23

24          On July 21, 2010, Plaintiffs Sunil Patel and Daksha Patel ("Plaintiffs") filed a Complaint in

25   the Superior Court of California, County of San Diego.  On September 3, 2010, Defendant

26   Residential Funding LLC ("Residential Funding") removed the Complaint to this Court.  [Doc.

27   No. 1.]  On September 10, 2010, Residential Funding filed a Motion to Dismiss Plaintiffs'

28   Complaint. [Doc. No. 4.]  On September 21, 2010, Defendants Aurora Loan Services and

1  Mortgage Electronic Registration Systems, Inc. filed a Motion to Dismiss Plaintiffs' Complaint.

2  [Doc. No. 5.]  On October 15, 2010, Plaintiffs filed a Statement of Non-Opposition and Request to

3  Amend.  [Doc. No. 8.]

4  Federal Rules of Civil Procedure, Rule 15(a) provides that a party's right to amend as a

5  matter of course terminates "21 days after service of a responsive pleading or 21 days after service

6  of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed.R.Civ.P. 15(a)(1)(B).  The

7  time for Plaintiffs to file an amended pleading as a matter of right has passed.  Thus, Plaintiffs may

8  only amend its pleading with the Court's leave.  Fed.R.Civ.P. 15(a)(2).

9  Under the Civil Local Rules, a party must first obtain a hearing date for any matters on

10  which a ruling is required.  ACivLR 7.1.b.  Furthermore, the Local Rules state that a written notice

11  of the matter requiring the Court's ruling is necessary and requires a minimum filing date of

12  twenty-eight days prior to the date for which the matter is noticed, such that opposing counsel is

13  provided adequate time to respond.  *See* ACivLR 7.1.e.  Here, Plaintiffs included in their statement

14  of non-opposition a request to amend their Complaint.  [Doc. 8.]  Plaintiffs did not request a

15  hearing date from the clerk of the judge to whom the case is assigned, nor did they otherwise seek

16  leave of Court in compliance with the aforementioned Local Rules.

17  Accordingly, **IT  IS HEREBY ORDERED THAT**:

18  (1) Defendant Residential Funding LLC's Motion to Dismiss is **GRANTED** without prejudice;

19  (2) Defendants Aurora Loan Services and Mortgage Electronic Registration Systems, Inc.'s

20  Motion to Dismiss is **GRANTED** without prejudice; and

21  (3) Plaintiffs' Request for Leave to Amend is **DENIED**.  If Plaintiffs choose to seek leave of

22  Court to file an amended complaint, Plaintiffs shall do so in accordance with Local Civil Rule 7.1.

23  **IT IS SO ORDERED.**

24

25  DATED:  October 19, 2010

26  Hon. Michael M. Anello
    United States District Judge

27

28