# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL K. PATEL and DAKSHA S. PATEL,<br><br>          Plaintiffs,<br>     vs.<br><br>HOME SAVINGS OF AMERICA, et al.,<br><br>          Defendants. | CASE NO. 10-CV-1845 MMA (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RESIDENTIAL FUNDING, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 23] |

Sunil and Daksha Patel ("Plaintiffs") bring this action against Defendants Residential Funding Company, LLC ("RFC"), Aurora Loan Services ("Aurora"), and Mortgage Electronic Registration System, Inc. ("MERS") alleging claims under the Truth in Lending Act ("TILA"), California Business and Professions Code section 17200, and for declaratory relief. Presently before the Court is Defendant RFC's Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). [Doc. No. 23.] Plaintiffs filed an opposition to the motion, and Defendant RFC replied. [Doc. Nos.25, 27.] The Court took the matter under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. [Doc. No. 28.] For the reasons stated herein, RFC's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.**

/ / /

**I. BACKGROUND**

On June 15, 2010, Plaintiffs filed the instant action in the Superior Court of the State of California, County of San Diego, alleging claims arising out of a mortgage transaction secured by real property located at 13660 Whitewood Canyon, Poway, California 92064. On September 3, 2010, RFC removed the action to federal court pursuant to 28 U.S.C. § 1441, *et seq.*, based on federal question jurisdiction under 28 U.S.C. § 1331 for Plaintiffs' claims brought under TILA, 15 U.S.C. § 1601, *et seq*. [Doc. No. 1.] Plaintiffs thereafter sought leave to amend their Complaint, which the Court granted, and on January 10, 2011, Plaintiffs filed their First Amended Complaint.

On January 24, 2011, Aurora and MERS filed a motion to dismiss Plaintiffs' First Amended Complaint. [Doc. No. 13.] Aurora and MERS argued Plaintiffs' TILA damages claims should be dismissed because, *inter alia*, their claims for damages are time-barred. They argued Plaintiffs obtained their loan in May 2007, and the statute of limitation on their TILA damages claim expired in May 2008. They contend Plaintiffs' claims are thus time-barred because they filed this action on June 15, 2010. Aurora and MERS also argued Plaintiffs' claim for rescission under TILA should be dismissed because Plaintiffs failed to adequately allege an ability to tender. Plaintiffs responded that their claim for damages under TILA is not time-barred because it is also based upon Defendants' alleged failure to respond to their rescission notice, and that "violations of the rescission provisions themselves give rise to statutory and actual damages." (*Pls.' Resp. Motn. To Dismiss FAC*, p. 4.)

On March 7, 2011, the Court granted in part and denied in part Aurora and MERS's motion. The Court found Plaintiffs' TILA damages claim was not time-barred insofar as it was based on the failure to respond to their notice of rescission. The Court also required Plaintiffs to allege an ability to tender proceeds for any claim for rescission under TILA. The Court found Plaintiffs' second claim for violation of California Business and Professions Code section 17200 was adequately premised on the TILA claim, and concluded a valid controversy remained. The Court granted Plaintiffs' leave to amend their complaint.

Plaintiffs filed their Second Amended Complaint ("SAC") on March 15, 2011. [Doc. No. 19.] Plaintiffs' SAC alleges claims for (1) violations under TILA; (2) violations of California's

1  Unfair Business Practices; (3) declaratory relief; (4) predatory lending; (5) fraud; and (6) negligent
2  misrepresentation. Plaintiffs allege claims one through three against all defendants, and claims
3  four through six against only Home Savings of America. [SAC, Doc. No. 19.] Defendants Aurora
4  and MERS filed their answer on March 29, 2011. Plaintiffs subsequently voluntarily dismissed
5  Home Savings of America from this action. [Doc. No. 29.] On April 1, 2011, Defendant RFC
6  filed the pending motion to dismiss. [Doc. No. 23.]

## II. DISCUSSION

*A. Legal Standards*

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is only required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555 (internal quotation marks, brackets and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the

1  complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino
2  v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). A court may, however, consider items of
3  which it can take judicial notice without converting the motion to dismiss into one for summary
4  judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Judicial notice may be taken of
5  facts "not subject to reasonable dispute" because they are either "(1) generally known within the
6  territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort
7  to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. Additionally, a
8  court may take judicial notice of "'matters of public record' without converting a motion to
9  dismiss into a motion for summary judgment.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th
10 Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). RFC
11 filed a Request for Judicial Notice concurrently with its motion to dismiss, requesting the Court
12 take judicial notice of certain public documents related to the property. Plaintiffs did not object to
13 the request. Because the Court may take judicial notice of matters of public record and documents
14 that are integral to claims in the complaint which are not subject to reasonable dispute, the Court
15 considers the documents contained in the request in ruling on RFC's motion to dismiss.

16     *B. Analysis*

17         *(1) Adequate Pleading Under Rule 8*

18     RFC seeks to dismiss Plaintiffs' SAC under Rule 8 on the ground that Plaintiffs fail to
19 allege RFC took any action whatsoever. Plaintiffs disagree, and contend that by pleading RFC is
20 an assignee of the loan at the center of the dispute, and by specifying facts pertaining to particular
21 alleged TILA violations, they have made sufficiently substantive allegations against RFC. The
22 Court agrees with Plaintiffs.

23     Plaintiffs have adequately pled that their TILA damages claim for failure to properly
24 respond to a valid rescission notice is timely. Plaintiffs allege, for example, that RFC, Aurora, and
25 MERS are creditors or assignee of the loan in dispute, and that they may be held liable for their

failure to respond to a valid rescission notice.[1]  Based upon these substantive allegations, the Court concludes Plaintiffs have put RFC on adequate notice of the claims they assert, and the grounds upon which their claims rest.  Accordingly, the Court denies RFC's motion to dismiss Plaintiffs' SAC on this ground.

### (*2*) *Claims for Violations of TILA*

RFC first argues Plaintiffs misconstrued the Court's March 7, 2011 ruling, and Plaintiffs mistakenly believe all their claims for damages under TILA are still viable.  RFC argues that to the extent Plaintiffs' damages claims under TILA are based upon events surrounding the origination of their loan, it is time-barred.  RFC is correct.

In ruling upon Aurora and MERS's Motion to Dismiss Plaintiffs' First Amended Complaint, the Court previously found that Plaintiffs' TILA damages claim were not time-barred only as to the alleged failure to respond to the notice of rescission.  (*See Reporter's Transcript of March 7, 2011 Proceedings,* Doc. No. 27-1, p.3 ("Plaintiffs' damages claim [under TILA] is adequately based on [the] allegation that Defendant's failure to respond to the notice of recision [*sic*].".)  Here, Plaintiffs' SAC realleges facts regarding the origination of the loan.  Further, Plaintiffs base their arguments in part on factual allegations pertaining to the origination of the loan, and assert their damages claims are not time-barred. (*See*, *Pls.' Resp*., pp. 3-6.)   Plaintiffs are mistaken in their belief that all their damages claims are viable, despite their apparent prior understanding that only the TILA damages claim for the failure to respond to the rescission notice is not time-barred.  [*See Pls.' Resp. to Defs.' Motn. To Dismiss FAC*, Doc. No. 15, p.5, citing e.g., *Bland v. Carone Family Trust*, 2007 WL 95951344, at *3 (S.D. Cal. Mar. 19, 2007) (recognizing that damages claim based from time loan transaction is consummated is likely time barred, but that "a creditor may be liable for damages if it fails to respond to the debtor's notice of rescission" even if debtor brings the action more than one year after the loan transaction was consummated).]

---

[1] The Court recognizes a split of authority regarding whether a plaintiff can recover damages and attorneys' fees against an assignee who fails to honor a valid rescission notice. *Compare Brodo v. Bankers Trust Co.*, 847 F. Supp. 353, 359 (E.D. Pa.1994) (holding plaintiff cannot recover damages or fees from  assignees) with *Fairbanks Capital Corp. v. Jenkins*, 225 F. Supp.2d 910, 916–17 (N.D. Ill.2002) (holding that plaintiffs are entitled to recover attorney's fees against an assignee, and possibly also recover statutory damages).  Given the split of authority and in the absence of briefing on this issue, the Court concludes that at this stage of the proceedings Plaintiffs' claim should proceed.

To the extent Plaintiffs' SAC realleges facts regarding the origination of the loan, damages claims based upon these events are time-barred. Accordingly, and consistent with the Court's March 7, 2011 ruling, the Court grants RFC's motion to dismiss Plaintiffs' damages claim for violations of TILA to the extent it arises out of the origination of the loan.

RFC next argues Plaintiffs cannot state a claim for rescission under TILA because they have failed to cure their tender allegations in accordance with the Court's March 7, 2011 rulings. In the March 7, 2011 ruling, the Court dismissed Plaintiffs' rescission claim with leave to amend. The Court instructed Plaintiffs that if they seek to state a claim for rescission, they must put forth factual allegations demonstrating they have the resources or may readily obtain them to tender the loan proceeds. (*See Reporter's Transcript of March 7, 2011 Proceedings,* Doc. No. 27-1, p.6.)

Plaintiffs aver they withdrew their claim for rescission when they filed their SAC, and RFC's arguments regarding rescission are therefore irrelevant. (*Pls.' Opposition*, pp. 2, 6.) To the extent Plaintiffs' allegations in the SAC could be interpreted as asserting a claim for rescission, no claim for rescission exists. Plaintiffs' claim for rescission under TILA has been dismissed. The Court denies RFC's motion to dismiss Plaintiff's first claim as moot on this ground.

RFC alternatively argues Plaintiffs' notice of rescission is defective because they must allege they had the ability to effectuate rescission at the time they sent the notice. RFC raises this argument for the first time in its reply brief. And a split of persuasive authority exists regarding whether a plaintiff should also be required to put forth factual allegations demonstrating that they had the resources and ability to effectuate rescission at the time they sent their notice in order to state a TILA damages claim. *See, Cook v. Wells Fargo Bank*, 2010 WL 1289892 * at 4-5 (S.D. Cal. Mar. 26, 2010) (dismissing without prejudice plaintiffs' damages claim based on alleged failure to respond to notice of rescission because they failed to allege they could have effected rescission and tendered the amounts due had defendant responded in accordance with its obligations); *but see Falcocchia v. Saxon Mortgage Inc.*, 709 F. Supp. 2d 873, 882 (E.D. Cal. 2010) (plaintiffs need not allege ability to tender to bring damages claim for failure to respond to the notice of rescission because plaintiffs alleged facts showing they had the right to rescind.) In light of these considerations, denial of Plaintiffs' TILA claim is not warranted.

*(3) Claims for Violations Under Cal. Bus. and Prof. Code Section 17200*

In its March 7, 2011 ruling, the Court denied Aurora and MERS's motion to dismiss Plaintiff's section 17200 claim because it was adequately based on Defendants' alleged failure to respond to notice of rescission in accordance with TILA. RFC now seeks to dismiss Plaintiffs' section 17200 claim on the ground that to the extent it is based on purported TILA violations, it is preempted by federal law.

RFC relies upon two decisions wherein courts have concluded that the plaintiffs' section 17200 claim based on TILA violations was preempted by the federal Home Owners' Loan Act, 12 U.S.C. section 1461. (*Def.'s Mem. P.&A.*, p.10.) RFC has not established, however, that the Home Owners' Loan Act applies to this action or that they are protected by the Office of Thrift Supervision regulations. *See e.g.*, *Briosos v. Wells Fargo Bank*, 2010 WL 5387826 *13 n.11 (N.D. Cal. Dec. 21, 2010). The Court finds no reason to modify its prior ruling, and therefore denies RFC's request to dismiss Plaintiffs' section 17200 claim.

*(4) Request for Declaratory Relief*

Plaintiffs also seek declaratory relief, presumably under the Declaratory Judgment Act ("DJA"), 28 U.S.C § 2201, *et seq*. RFC seeks to dismiss Plaintiffs' claim for declaratory relief because it is wholly derivative of other non-viable claims. RFC alternatively argues the declaratory relief claim is inapplicable to RFC because the claim raises issues pertaining to the origination of the loan. The Court disagrees.

In its March 7, 2011 ruling, the Court determined a "substantial controversy" exists between the parties regarding Plaintiffs' allegations that Defendants failed to respond to the notice of rescission. *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941). Plaintiffs' request for declaratory relief is derivative of its damages claim under TILA based upon the failure to respond to the notice of rescission. Accordingly, the Court denies RFC's request to dismiss Plaintiffs' claim for declaratory relief.

*(5) Claims as Alleged Against RFC*

RFC further requests all of Plaintiffs' claims be dismissed as to it because RFC does not belong in this lawsuit. RFC argues Plaintiffs' TILA damages claim fails as to RFC because

1  Plaintiffs do not allege they sent the notice of rescission to RFC.  RFC also argues it did not own
2  nor service the loan at the time the notice of rescission was sent, and therefore could not have
3  rescinded the loan in any event.

4  "To exercise the right to rescind, the consumer shall notify the creditor of the rescission by
5  mail, telegram, or other means of written communication." 12 C.F.R. 226.15(a)(2).  The official
6  staff commentary provides further instruction regarding sending a valid notice of rescission, and
7  states: "[w]here the creditor fails to provide the consumer with a designated address for sending
8  the notification of rescission, delivery of the notification to the person or address to which the
9  consumer has been directed to send payments constitutes delivery to the creditor or assignee."
10 *Kishimoto v. H&R Block Mortg. Corp, Inc.*, 2011 WL 1135158 * 6 (D. Hawai'i, Mar. 24, 2011)
11 (quoting 2 C.F.R. pt. 226, Supp. I, para. 15(a)(2) (2005–2010)).

12 Here, Plaintiffs allege they sent their notice of rescission to Aurora to constitute adequate
13 delivery.  (*See* SAC ¶ 19 "Plaintiffs wrote and sent a letter via certified mail to Aurora rescinding
14 the contract under TILA"; *see also* SAC Exh. A (Notice of Rescission Letters).)  Plaintiffs also
15 allege RFC is a creditor or assignee as defined under TILA.  (SAC ¶ 18.)  The Court's March 7,
16 2011 ruling found that Plaintiffs' allegations they sent a notice of rescission to the creditors or
17 assignee were sufficient to withstand a motion to dismiss.  The Court therefore denies RFC's
18 request for the claims to be dismissed against it.

19 RFC also argues it could not have responded to Plaintiffs' notice of rescission because it
20 did not own nor service the subject loan at the time the notice of rescission was sent.  At this stage
21 of the proceedings, however, the Court must assume the truth of all factual allegations and must
22 construe them in the light most favorable to the nonmoving party.  *See Cahill*, 80 F.3d at 337-38.
23 Here, Plaintiffs contend the individual roles of the defendants with regard to a particular loan is
24 often difficult to definitively establish, and requires analysis of documents to determine the extent
25 of each defendant's particular involvement.  Plaintiffs allege RFC assumed the loan at the center of
26 this dispute, and that RFC failed to respond to the notice of rescission.  Whether RFC is ultimately
27 found to have owned or serviced the subject loan at the center of this dispute cannot be resolved on
28 the present motion.  The Court therefore denies RFC's request for the claims to be dismissed.

### III. CONCLUSION

For the aforementioned reasons, RFC's Motion is **GRANTED IN PART** and **DENIED IN PART**. Accordingly, the status of Plaintiffs' Second Amended Complaint is summarized as follows:

(1) Plaintiffs' First Cause of Action for TILA violations: To the extent Plaintiffs' damages claim rests upon events regarding the origination of the loan, it is time-barred and therefore **DISMISSED** with prejudice. To the extent Plaintiffs' damages claim rests upon allegations that Defendants failed to properly respond to the notice of rescission, it remains viable and is adequately pled against all Defendants. Plaintiffs' claim for rescission under TILA has been dismissed.

(2) Plaintiff's Second Cause of Action for violations of California Business and Professions Code section 17200, and Third Cause of Action for declaratory relief is adequately pled against all Defendants.

(3) Plaintiffs' Fourth through Seventh Causes of Action have been voluntarily **DISMISSED** by Plaintiffs. [*See* Doc. No. 29.]

As the operative claims are in place, the Court **ORDERS** RFC to file an answer to Plaintiffs' Second Amended Complaint within *fourteen days* from the date of this Order.

**IT IS SO ORDERED.**

DATED: July 25, 2011

Hon. Michael M. Anello
United States District Judge